**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BAYONNE, CAPTAIN ANTHONY LARINO, OFFICER MAHONEY, LT. DIEDRICH, and JOHN DOE (Fictitious Name),<br><br>    Defendants. | Civil Action No. 2:15-cv-00508(JLL)(JAD)<br><br>**ORDER/ REPORT AND RECOMMENDATION** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion, (ECF No. 2), by Plaintiff Tyrone Johnson ("Plaintiff") to remand this action to the Superior Court of New Jersey, Law Division, Hudson County pursuant to 28 U.S.C. § 1447(c) (the "Motion to Remand"). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After having considered the parties' submissions, and for good cause shown; and

**WHEREAS** Plaintiff filed a Complaint on December 10, 2014 ( the "Complaint") (Complaint, ECF No. 1-1, at 4) in the Superior Court of New Jersey, Law Division, Hudson County against Defendants City of Bayonne, Officer Mahoney, and Lt. Diedrich (collectively "Defendants"); and

**WHEREAS** Defendants removed this action to this Court on January 23, 2015, asserting that removal was appropriate because Plaintiff alleges claims under the Federal Civil Rights Act USCA § 1983, and the Court can exercise supplemental jurisdiction over Plaintiff's state law claims, (Notice of Removal, ECF No. 1, at 2); and

**WHEREAS** Plaintiff filed the instant Motion to Remand on February 05, 2015, requesting that the Court grant Plaintiff leave to file an Amended Complaint, ("Proposed Amended Complaint," ECF No. 2-2), which no longer asserts any claims under the Federal Civil Rights Act, (ECF No. 2-1, at 2); and

**WHEREAS** if the Court grants Plaintiff's motion for leave to file the Proposed Amended Complaint, Plaintiff's remaining claims are state law claims, and the Court will therefore lack subject matter jurisdiction over this action; and

**WHEREAS** Defendants had the opportunity to, but did not oppose Plaintiff's request to file the Proposed Amended Complaint, nor Plaintiff's Motion to Remand; and

**WHEREAS** pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] when justice so requires . . ."; and

**WHEREAS** "[t]he grant or denial of leave to amend is a matter committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Fed. R. Civ. P. 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). Leave to amend a pleading may be denied if the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); and

**WHEREAS** this Court finds that leave to amend the Complaint is appropriate under Fed. R. Civ. P. 15(a)(2) because Plaintiff's motion is timely and there is no evidence of bad faith, dilatory motive, undue delay or futility of amendment;

IT IS on this 15th day of May, 2015,

2

**ORDERED** that Plaintiff's request to file the Proposed Amended Complaint, (ECF No. 2), is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Proposed Amended Complaint, (ECF No. 2-2), as attached to Plaintiff's Motion to Remand, is deemed filed as of the date of this Order; and

**IT IS FURTHER THE RECOMMENDATION** of this Court, that the action be remanded for lack of subject matter jurisdiction, as the Proposed Amended Complaint, (ECF No. 2-2), does not assert any federal claims.

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Honorable. Jose L. Linares, U.S.D.J.